COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO.
2-02-096-CR
 
SANTOS CRUZ LOPEZ                                                            APPELLANT
V.
THE STATE OF TEXAS                                                              
STATE
------------
FROM THE 372
ND DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Santos Cruz Lopez was convicted
by a jury of aggravated sexual assault.(2) The
jury assessed his punishment at thirty years' confinement in the Institutional
Division of the Texas Department of Criminal Justice and a $10,000 fine, and the
trial court sentenced him accordingly.
In two issues, Appellant contends that the
evidence is legally insufficient to support his conviction and that the
admission of his oral statements into evidence violated article 38.22 of the
Texas Code of Criminal Procedure.(3) Because we
hold that the evidence is legally sufficient to support the conviction and that
the trial court did not err, we affirm the trial court's judgment.
In his first issue, Appellant contends
that the trial court erred in denying his motion for directed verdict because
the evidence is insufficient as a matter of law to support the conviction. A
challenge to the denial of a motion for directed verdict is a challenge to the
legal sufficiency of the evidence.(4)
Complainant, who used the pseudonym Danzig
Zavala at trial to protect her privacy, testified that one afternoon she went
home from school, drank several beers, and snorted some cocaine. Later, she and
a friend decided to visit another friend at a different apartment complex. They
asked Appellant and his companions, who were in an SUV, for a ride to the
apartment complex. Neither Complainant nor her friend knew any of the men in the
SUV. After picking up Complainant and her friend, Appellant and his companions
stopped at a gas station, bought some beer, and went to Appellant's apartment
complex instead of taking Complainant and her friend to their desired location.
Appellant's apartment complex was next to Complainant's apartment complex. After
a short time, Appellant and Complainant left the group and went up to his
apartment. They engaged in consensual foreplay, he performed oral sex on her,
and she manually masturbated him. She testified that while she was masturbating
him, she became uncomfortable, so she left the apartment. She stated that he
followed her, cornered her in his apartment complex's laundry room, locked the
door, showed her his gang tattoo, told her he had guns, threatened to kill her,
hit her in the head with his fist, choked her, and raped her. She further stated
that she believed his threat and was afraid that he would indeed kill her. She
identified him in person before he was arrested, later from a photospread, and
again in open court during the trial. Stipulated evidence provided that his
semen was found in her vagina. Applying the appropriate standard of review,(5)
we hold that the evidence was legally sufficient to support the verdict. We
overrule Appellant's first issue.
In Appellant's second issue, he contends
that the trial court erred in admitting his oral statements into evidence in
violation of article 38.22 of the Texas Code of Criminal Procedure. Article
38.22 applies only to persons in custody.(6)
"A person is in 'custody' only if, under the circumstances, a reasonable
person would believe that his freedom of movement was restrained to the degree
associated with a formal arrest."(7)
The "reasonable person" is presumed to be innocent.(8)
A court determines whether a suspect is "in custody" on a case-by-case
basis, using the following objective criteria:

        (1)
 whether the officer has probable cause to arrest the suspect and does not
 inform him that he is free to leave;
        (2)
 whether the officer tells the suspect about the evidence amounting to probable
 cause; and
        (3)
 whether a reasonable person in the suspect's position would think that the
 restraint imposed against his freedom to leave equaled that involved in a
 formal arrest.(9)
 

Appellant contends that his statements were made while he was in
custody. In denying Appellant's motion to suppress the statements and overruling
his article 38.22 objection, the trial court specifically found that Appellant
was not in custody at the time he made the statements. Because the resolution of
this issue involved evaluating the credibility and demeanor of the witnesses, we
apply an abuse of discretion standard of review.(10)
Detective Carlos Alanis testified, outside the jury's presence at the
hearing on the motion to suppress and in front of the jury at the trial on the
merits, that he was called to Appellant's apartment complex by another officer
because of difficulty in identifying Appellant. Specifically, Officer Hernandez
could not find any identification on Appellant. Hernandez testified before the
jury that he told Appellant that he was not free to leave at that point;
Hernandez characterized the detention as a temporary detention or non-custodial
detention or arrest. When Alanis arrived at the scene, he saw Appellant sitting
on the sidewalk about ten to fifteen feet from Hernandez. Appellant was not
handcuffed or otherwise restrained. Alanis told Appellant that he was there to
identify him. Alanis testified that at that time, Appellant was not under
arrest. Alanis asked Appellant for his name, date of birth, and social security
number. Appellant gave his name and two possible birth dates, but he could not
provide a social security number. Appellant also asked Alanis what was going on
and stated that Hernandez had told him that he was being looked at for raping a
girl, that he did not do it and did not know what they were talking about, and
that he did not know Complainant and had never seen or spoken to her. Alanis
then informed Appellant of his constitutional rights pursuant to Miranda
v. Arizona(11) and asked him when he had
last had sex and whether he had had sex in the previous week. Appellant stated
that he had not had sex in the previous week, and he repeated his assertions of
innocence.
With the limited identifying information provided, Alanis could not
further identify Appellant. At this time, he suggested going to the Arlington
Police Department to fingerprint Appellant. Alanis asked Appellant whether he
would volunteer to go to the department; Appellant agreed. Alanis patted
Appellant down before they got in Alanis's unmarked car; Appellant rode in the
back seat with another police officer. At the police station, Appellant's
fingerprints were taken, and he volunteered DNA samples. After the DNA samples
were collected, Appellant asked when the results would be available and accepted
a ride home from Alanis. At that point, another detective, Detective Frias,
arrived with an arrest warrant for Appellant, and he was arrested. Alanis
testified that Appellant was never in custody from the first time he saw him on
the sidewalk until Frias arrived with the arrest warrant. Appellant testified at
trial that Hernandez had arrested him at the apartment complex. But he also
stated that he voluntarily went to the police station, submitted to
fingerprinting, and gave his DNA samples.
Based on the record before us, the trial court could have properly
concluded that Appellant was not in custody at the time he made the statements
at issue. Consequently, the trial court did not abuse its discretion in
admitting the statements. We overrule Appellant's second issue.
Having overruled both of Appellant's issues, we affirm the trial
court's judgment.
 
                                                           PER
CURIAM
PANEL F: DAUPHINOT, LIVINGSTON, and HOLMAN, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: APRIL 10, 2003

1. See Tex. R. App. P. 47.4.
2. See Tex. Penal Code Ann. § 22.021(a) (Vernon
2003).
3. Tex. Code Crim. Proc. Ann. art. 38.22 (Vernon 1979
& Supp. 2003).
4. Madden v. State, 799 S.W.2d 683, 686 (Tex.
Crim. App. 1990), cert. denied, 499 U.S. 954 (1991); Thornton v.
State, 994 S.W.2d 845, 849 (Tex. App.--Fort Worth 1999, pet. ref'd).
5. See Emery v. State, 881 S.W.2d 702, 705 (Tex.
Crim. App. 1994) (providing legal sufficiency standard of review), cert.
denied, 513 U.S. 1192 (1995); Narvaiz v. State, 840 S.W.2d 415,
423 (Tex. Crim. App. 1992) (same), cert. denied, 507 U.S. 975 (1993).
6. See Tex. Code Crim. Proc. Ann. art. 38.22, §
5.
7. Dowthitt v. State, 931 S.W.2d 244, 254 (Tex.
Crim. App. 1996) (citing Stansbury v. California, 511 U.S. 318, 322-25,
114 S. Ct. 1526, 1528-30 (1994)).
8. Id. (citing Florida v. Bostick, 501
U.S. 429, 438, 111 S. Ct. 2382, 2388 (1991)).
9. Id. at 255.
10. Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997); Franks v. State, 90 S.W.3d 771, 784 (Tex. App.--Fort
Worth 2002, pet. ref'd, untimely filed).
11. 384 U.S. 436, 467-68, 86 S. Ct. 1602, 1624-25 (1966).